http://www.va.gov/vetapp16/Files3/1621737.txt

Citation Nr: 1621737 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-10 372 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona

THE ISSUE

Entitlement to service connection for left ear hearing loss.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

K. K. Buckley, Counsel

INTRODUCTION

The Veteran served on active duty from December 1972 to September 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

In June 2011, the Veteran presented sworn testimony during a personal hearing, which was chaired by the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the Veteran's VA claims file.

In Board decisions dated December 2011 and December 2014, the left ear hearing loss claim was remanded for further evidentiary development. The VA Appeals Management Center (AMC) most recently continued the previous denial in an August 2015 supplemental statement of the case (SSOC). The Veteran's VA claims file has been returned to the Board for further appellate proceedings.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.

During the pendency of the appeal, the Veteran filed claims of entitlement to service connection for diabetes mellitus, hypertension, hepatitis C, hyperlipidemia, chronic obstructive pulmonary disorder (COPD), MRSA infection, Meniere's disease, vertigo, sleep apnea, and tremors, as well as whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for posttraumatic stress disorder (PTSD). These issues were decided in a May 2015 rating decision. In July 2015, the Veteran expressed timely disagreement with the denials. The Veteran was afforded a December 2015 informal hearing with a decision review officer (DRO) with respect to these claims. As such, the Board finds that, although a statement of the case has not yet been issued, the AOJ is pursuing appropriate action as to the pending claims. C.f., Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). As such, these matters will be addressed no further herein.
In addition, the Veteran's claim to reopen the issue of entitlement to service connection for right ear hearing loss was denied in a September 2014 rating decision. The Veteran disagreed with the denial and a statement of the case (SOC) was issued in August 2015. To the Board's knowledge, the Veteran did not perfect an appeal as to that claim. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.202 (2015) (if the SOC addressed multiple issues, the substantive appeal must either indicate that all issues are being appealed or it must specifically identify the issues being appealed). Accordingly, the said issue is not in appellate status. See Archbold v. Brown, 9 Vet. App. 124, 130 (1996) (the request for appellate review is completed by the claimant's filing of a substantive appeal after a SOC is issued by VA).

REMAND

Initially, the Veteran recently submitted decisional documents demonstrating that he has been granted disability benefits from the Social Security Administration (SSA). These documents were submitted directly to the Board; thus, the AOJ has not been afforded an opportunity to obtain the Veteran's complete records from the SSA in connection with his disability benefits claim. These records are potentially pertinent to the appeal and should be obtained on remand. Murincsak v. Derwinski, 2 Vet. App. 363 (1992) (VA's duty to assist includes obtaining records from SSA and giving appropriate consideration and weight in determining whether to award or deny VA disability compensation benefits).

With regard to the left ear hearing loss claim, the Veteran was afforded a VA audiological examination in August 2015 pursuant to the December 2014 Board Remand; however, the Veteran has recently argued that he suffers from retrocochlear hearing loss as a result of his military service. See, e.g., the Veteran's statement dated October 2015. To this end, he has called the Board's attention to a May 2011 private treatment record in which his treatment provider opined that "[t]he hearing loss in the left ear, which is so profound, and which by history has worsened along with his balance issues, make us suspicious of a retrocochlear process, and this is even more brought to mind with the positive tone decay." The Veteran has submitted internet evidence in support of this assertion. Therefore, in order to afford the Veteran all benefit of the doubt, the Board finds that he should be afforded another VA audiological examination in order to address these newly raised questions concerning the left ear hearing loss to include whether the Veteran is diagnosed with retrocochlear hearing loss that is due to his military service. See Colvin v. Derwinski, 1 Vet. App. 191, 175 (1999) (the Board is prohibited from exercising its own independent judgment to resolve medical questions); see also 38 C.F.R. § 3.159(c)(4) (2015) (a medical examination or opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim).

Also, upon remand, ongoing medical records should be obtained.

Accordingly, the case is REMANDED for the following action:

1. After obtaining the appropriate releases where necessary, the AOJ shall procure any records of outstanding treatment and/or evaluation that the Veteran has recently received. The Board is particularly interested in records of the Veteran's VA treatment dated from April 2015. All such available documents must be associated with the claims file.

2. Obtain all records pertaining to the Veteran's claim for disability benefits with the Social Security Administration.

3. Then, schedule the Veteran for a VA audiological examination to determine the etiology of his currently diagnosed left ear hearing loss. The claims file should be made available to and reviewed by the examiner. All necessary studies, including audiological testing, should be performed. Specifically, the audiologist is requested to identify auditory thresholds, in decibels, at frequencies of 500, 1000, 2000, 3000, and 4000 Hertz. A Maryland CNC Test should also be administered to determine speech recognition scores. The examiner should obtain a complete history of the Veteran's audiological complaints.

The examiner should either diagnose or rule out retrocochlear hearing loss of the left ear.

The examiner should then opine as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that any currently diagnosed left ear hearing loss had its onset in service or is otherwise related to the Veteran's military service.

The examiner should also address the Veteran's lay testimony regarding his hearing acuity symptomatology during service and continuing thereafter. The medical reasons for accepting or rejecting the Veteran's statements regarding continuity of symptoms since service should be set forth in detail.

The examiner should provide a complete rationale for any opinion given, including discussion of evidence contrary to the opinion rendered. If the examiner is unable to render an opinion without resorting to mere speculation, he/she must so state and provide reasoning as to why an opinion cannot be given and whether any additional evidence or testing would assist in providing such opinion.

4. Thereafter, the AOJ should readjudicate the claim of entitlement to service connection for left ear hearing loss on appeal. If a benefit sought remains denied, the Veteran and his representative should be provided a supplemental statement of the case and given an opportunity to respond before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JAMES L. MARCH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).